Insurance Company *v.* Caldwell.

INSURANCE COMPANY *v.* CALDWELL.

(*Jackson.*   May  29,  1890.)

1. PRACTICE.  *Demanding jury.*

A party to an original suit having demanded a jury in the manner pro-
vided by the Act of 1875—*i. e.*, "in his first pleading  tendering an
issue triable by jury "—is not required by the amendatory Act of 1889
to renew that demand on the first day of any succeeding trial term.*

Acts construed: Acts 1889, Ch. 220; Acts 1875, Ch. 4—Code, §§ 3602–
3605 (M. & V.).

2. SAME.  *Same.  Construction of Act of 1889, Ch. 220.*

The amendatory Act of 1889 gives to all parties who have neglected to
demand jury at the time prescribed by the Act of 1875 the right to
demand a jury on the first day of any term at which the cause stands
for trial.

Act construed: Acts 1889, Ch. 220.

(See Swink *v.* McKnight's Executors, *post,* p. 765.)

---

FROM  SHELBY.

---

Appeal  in  error  from  Circuit  Court  of  Shelby
County.   L.  H.  ESTES,  J.

Action  brought  by  Mattie  H.  Caldwell  against
the  Arlington  Insurance  Company  for  loss  upon  a

---

*QUÆRE: Must parties to *other than original suits,* who have properly demanded
a jury within the first three days of the trial term, as prescribed by Act of 1875, Ch.
4, renew that demand under Act of 1889 on the first day of the succeeding trial
term ?   A negative answer to this question is indicated.—REPORTER.

fire policy. Judgment below for the plaintiff. Defendant appealed and assigned errors. It was assigned as error that the Court allowed the plaintiff a jury trial, over defendant's objection, without a sufficient demand. The plaintiff demanded a jury in her declaration, filed May 20, 1889. There was no renewal of this demand at any subsequent term. The cause was tried by jury over defendant's objection at November Term, 1889.

POSTON & POSTON for Insurance Company.

MALONE & MALONE for Caldwell.

TURNEY, Ch. J. By the Act of 1875, Chapter 4, it is provided: "When any civil suit is brought in any of the Courts of record in this State, whether such suit comes to such Court by summons, appeal, *certiorari*, or otherwise, and which is now triable by jury, either party desiring a jury shall, in case of original suits, demand a jury in his first pleading tendering an issue triable by jury."

In other cases the demand must be made in the first three days of the trial term, etc.

In April, 1889, an Act was passed amending the above so as to provide that hereafter all suits now pending in the Courts of this State, or which may be hereafter brought, either party desiring a trial by jury shall be entitled to a jury, provided

he call for the same on the first day of any term at which the suit stands for trial, and have an entry made on the trial docket that he calls for a jury; and unless such demand is made, and entry thereof on the trial docket, it shall be the duty of the Court to try the case without a jury.

Construing this Act in connection with the Act of 1875, which it proposes to amend, the meaning of the Legislature is by no means clear.

Treating the Act of 1889 as an amendment, as it recites itself to be, we construe it to mean that in all cases in which calls have been made in the pleadings as provided in the former Act, no further step is necessary to entitle the party to trial by jury; that the amendatory Act was intended to give to him who had failed to make the call in his pleading, and to parties in cases appealed, the right to demand a jury on the first day of any trial term.

If a party calls or has called for a jury under the provisions of the Act of 1875, he need not demand a jury under the Act of 1889. If he has failed to do so, or his case is one of appeal, then he is entitled to the benefit of the latter Act.

Affirm.

Judge Snodgrass dissents.